

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 13, 1992

David R. Smith, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-153

Re: Whether the Texas Abortion Facility Reporting and Licensing Act, Health and Safety Code chapter 245, authorizes the Department of Health to release information relating to physicians and nurses to the State Board of Medical Examiners and Board of Nurse Examiners, or authorizes the department to publicly disclose that an office or clinic is not a licensed abortion facility (RQ-322)

Dear Commissioner Smith:

On behalf of the Texas Department of Health (the "department"), your predecessor asked whether the Texas Abortion Facility Reporting and Licensing Act (the "act"), Health and Safety Code chapter 245, permits the department to release information to other state agencies such as the Board of Medical Examiners or the Board of Nurse Examiners. He also asked whether the act permits the department to inform a person that an office, clinic, or facility is not licensed as an abortion facility.

The act generally sets forth licensing requirements for abortion facilities. Health & Safety Code §§ 245.003-245.008. The act also authorizes the Texas Board of Health (the "board") to adopt rules regarding the issuance of licenses and establishing minimum standards to protect the health and safety of patients. *Id.* §§ 245.009, 245.010. Section 245.011 of the act sets forth certain reporting requirements applicable to all abortion facilities. Subsection (b) of section 245.011 provides that "[t]he report may not identify by any means the physician performing the abortion or the patient." Subsection (d) provides that "[a]ll information and records held by the department under this chapter are confidential and are not open records for purposes of [the Texas Open Records Act] . . . ." It also provides that information may not be released except under the following circumstances:

(1) for statistical purposes, but only if a person, patient, or abortion facility is not identified;

> (2) with the consent of each person, patient, and abortion facility identified in the information released; or

> (3) to medical personnel, appropriate state agencies, or county or district courts to enforce this chapter.

*Id.* § 245.011(d). A violation of section 245.011 is a class A misdemeanor. *Id.* § 245.011(e).

Your predecessor first asked whether the act permits the department to release information to other state agencies such as the Board of Medical Examiners or the Board of Nurse Examiners. Specifically, he stated that "[d]uring investigations the department may receive information concerning the alleged unprofessional or unethical conduct of a physician or nurse. The department would like to be able to release information relating to that physician or nurse to the appropriate licensing agency for action as determined by that agency." Thus, he asked whether section 245.011(d)(3) allows the release of information to such licensing agencies in these circumstances.

Section 245.011(d)(3) authorizes the department to release information "to medical personnel, appropriate state agencies, or county or district courts *to enforce this chapter.*" (Emphasis added.) We believe that this provision authorizes the department to release information to other state agencies only for the purpose of enforcing the act. As noted above, the act deals primarily with the licensing and licensing standards for abortion facilities. It does not include provisions governing the "unprofessional or unethical" conduct of physicians and nurses, nor has the board adopted any such regulations. *See* 25 T.A.C. ch. 139.[1] Therefore, we

---

[1]We do not decide whether the board would be authorized to adopt regulations governing the "unprofessional or unethical" conduct of physicians and nurses. We note, however, that while section 245.010 of the act authorizes the board to establish "minimum standards to protect the health and safety" of abortion facility patients, its authority under this provision is not unlimited. Rather it is expressly limited to rulemaking in the following areas: qualifications for and supervision of professional and nonprofessional personnel; medical treatment and medical services provided by an abortion facility; sanitary and hygienic conditions; equipment; and clinical records. Health & Safety Code § 245.010(c)(1)-(6); *see also* Attorney General Opinion JM-1076 (1989) (board not authorized to adopt rules governing the construction and design of abortion facilities because authority to adopt "minimum health and safety standards" limited to these prescribed areas) (construing former V.T.C.S. article 4512.8, of which chapter 245 of the Health and Safety Code is a nonsubstantive recodification; *see* Acts 1989, 71st Leg., ch. 678, § 1, at 2485-89). Furthermore, section 245.101(c) provides that standards adopted in these areas "may not be more stringent than Medicare certification standards, if

conclude that the release of information to the Board of Medical Examiners or the Board of Nurse Examiners for the purpose of disciplining a physician or nurse for "unprofessional or unethical conduct" would not be for the purpose of enforcing the act and is not authorized by section 245.011(d)(3).[2]

With respect to his second question, we believe that the act does not permit the department to inform a person that an office, clinic, or facility is not licensed as an abortion facility. As noted above, section 245.011(d) provides that all information and reports held by the department under the act are confidential and may be released only in certain prescribed circumstances. In Attorney General Opinion JM-1144 (1990), this office addressed these confidentiality provisions and interpreted them broadly. On the basis that both subsections (b) and (d)(1) protect the identities of physicians and clinics, the opinion concluded that the act prohibits

---

(footnote continued)

any . . . ." In addition, subsection (d)(1) of section 245.010 expressly states that it "does not authorize the board to establish the qualifications of a *licensed practitioner*." (Emphasis added.)

[2]In a brief submitted to this office, the Board of Nurse Examiners contends that the following provision of the Nurse Practice Act, V.T.C.S. art. 4513 *et seq.*, *requires* the department to release any information about nurses to the Board of Nurse Examiners:

> Each state agency that surveys hospitals, nursing homes, health science centers, home health agencies, or other health-care facilities or agencies with respect to quality of professional nursing care provided, unless otherwise expressly prohibited by state or federal law shall report in writing to the board any registered nurse that it has reason to believe exposed or is likely to expose patients or other persons unnecessarily to a risk of harm because of unprofessional conduct, failure to care adequately for a patient, failure to conform to the minimum standards of acceptable professional nursing practice, or impaired status.

V.T.C.S. art. 4525a, § 4.

We do not believe that this provision requires the department to report information it obtains in an investigation of a licensed abortion facility pursuant to the act to the Board of Nurse Examiners. First, as noted above, an investigation of a licensed abortion facility pursuant to the act is not a "survey[] . . . with respect to quality of professional nursing care provided." Rather, its purpose is to ensure compliance with chapter 245 of the Health and Safety Code which *does not* govern the quality of nursing care. *See* Health & Safety Code § 245.006 (authorizing the department to inspect abortion facilities "to assure compliance with this chapter"); *see also supra* note 1. Second, Health and Safety Code section 245.011(d)(3) expressly prohibits the department from releasing information about licensed abortion facilities to state agencies except for the purpose of enforcing the act.

the department from confirming whether a certain clinic or physician's office is a licensed abortion facility, absent consent. Attorney General Opinion JM-1144 at 3. The opinion also concluded that the act prohibits the department from releasing statistical information if that information would allow a person to infer the identity of a clinic, patient or physician. *Id.* at 4 (citing Open Records Decision No. 422 (1984)). In sum, Attorney General Opinion JM-1144 construed the act to absolutely prohibit the release of any information which would confirm, directly or indirectly, that a clinic or physician's office is a licensed abortion facility, absent the clinic or physician's consent.

We conclude that the act also prohibits the department from releasing information that an office, clinic or facility is *not* a licensed abortion facility. Obviously, if requestors are aware that the department routinely confirms that an office, clinic or facility *is not* a licensed abortion facility but is prohibited from affirmatively stating that an office, clinic or facility *is* a licensed abortion facility, they will be able to determine the license status of particular facilities based on the department's response to their queries. In other words, if the department declines to respond to an inquiry, the requestor will be able to glean from that response that the subject of the inquiry is a licensed abortion facility. The act, as construed in Attorney General Opinion JM-1144, prohibits such a release of information, however indirect.

## S U M M A R Y

The Texas Abortion Facility Reporting and Licensing Act, Health and Safety Code chapter 245, does not permit the Texas Department of Health to release information to the Board of Medical Examiners or the Board of Nurse Examiners for the purpose of disciplining physicians or nurses for "unprofessional or unethical conduct." Nor does the act permit the department to inform a person that an office, clinic, or facility is not licensed as an abortion facility.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General